IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PATRICK D. ARCHER,<br><br>Plaintiff,<br><br>v.<br><br>BRAD FINKELDEI, et al.,<br><br>Defendants. | Case No. 26-cv-2553-JWB-JBW |

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**

This matter comes before the Court on Plaintiff's Motion for Appointment of Counsel (Dkt. 4). Plaintiff requests the Court appoint counsel to represent him in this case and has attached his declaration of good faith efforts to obtain counsel prior to filing the motion.

Unlike a criminal defendant, a plaintiff in a *civil* case has no constitutional or statutory right to appointed counsel.[1] For a party proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(1) provides discretionary authority to "request an attorney to represent any person unable to afford counsel." The provision, however, does not provide a statutory right to counsel.[2] In determining whether to appoint counsel under 28 U.S.C. § 1915(e), the Tenth Circuit has directed district courts to evaluate the following factors: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal

---

[1] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

[2] *See, e.g., Leon v. Garmin Int'l.,* No. 10-2495-JTM, 2010 WL 4174643, at *1 (D. Kan. Oct. 20, 2010).

issues raised by the claims."[3] Further, the party requesting the appointment of counsel must make diligent efforts to secure an attorney on his or her own.[4] This District's form motion for appointment of counsel in a civil case requires a movant to list at least five attorneys contacted before filing the motion.

The appointment of counsel for a plaintiff in a civil case is rare because Congress has not provided any mechanism or funding to compensate counsel appointed in civil cases.[5] Therefore, the Court would have to find an attorney willing to be appointed and provide his or her legal services pro bono (without payment) and the Court must make thoughtful and prudent use of its appointment power.

The Court has considered Plaintiff's motion for appointment of counsel under the above factors and concludes the appointment of counsel is not warranted for Plaintiff at this time. Although Plaintiff has shown he made reasonably diligent efforts to contact and secure an attorney on his own before filing his motion, the other factors weigh against appointment of counsel. A review of Plaintiff's filings to date shows he appears capable of adequately representing himself at this early stage of the proceedings despite his statement that he receives disability benefits based upon a mental health learning disability. The factual and legal issues in this case do not appear to

---

[3] *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

[4] *Cline v. Seal*, No. 22-cv-4009-TC-TJJ, 2022 WL 873419, at *2 (D. Kan. Mar. 24, 2022).

[5] *See Castner*, 979 F.2d at 1420 ("Congress has not provided any mechanism for compensating [] appointed counsel. Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time.").

be overly complex. Plaintiff has not demonstrated any reason why he would be unable to investigate the facts and present his claims to the Court himself in this case, particularly given the liberal standards governing *pro se* litigants.[6] "While the Court does not doubt that a trained attorney would handle the matter more effectively, the Court sees no basis to distinguish [Plaintiff] from the many other untrained individuals who represent themselves *pro se* on various types of claims in courts throughout the United States on any given day."[7]

While "a court may well appoint counsel at the outset of a case, it might also decide to postpone the decision—for example, until after resolution of dispositive motions—in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case."[8] The Court therefore denies Plaintiff's motion, but without prejudice to the refiling of the motion at a later stage of the proceedings, if warranted.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (Dkt. 4) is denied without prejudice.

A copy of this Order shall be mailed to Plaintiff.

**IT IS SO ORDERED.**

Dated September 30, 2026, in Kansas City, Kansas.

Jennifer B. Wieland
U. S. Magistrate Judge

---

[6] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.").

[7] *Cahail v. United States*, No. 25-cv-1016-JWB-BGS, 2025 WL 2320810, at *2 (D. Kan. Aug. 12, 2025).

[8] *Cline v. Russo*, No. 22-cv-4010-TC-TJJ, 2022 WL 873418, at *2 (D. Kan. Mar. 24, 2022) (quoting *Ficken v. Alvarez*, 146 F.3d 978, 981 (D.C. Cir. 1998)).